# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

LENA MUHAMMAD,

    Plaintiff,

v.                             No.   2:18-cv-02857-MSN-tmp

ALEX M. AZAR, II,
DANIELLE W. BARNES, and
BASEM GIRGIS,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge Tu M. Pham's Report and Recommendation dated August 19, 2019 ("Report"). (ECF No. 30.)   The Report recommends that the Court grant in part and deny in part Defendants Danielle W. Barnes and Basem Girgis's ("Defendants") Motion to Dismiss (ECF No. 19) Plaintiff Lena Muhammad's Complaint.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).   For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection

is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

The deadline to object to the Report has passed, and Plaintiff has filed no objections. The Court has reviewed the Report for clear error and finds none. For the foregoing reasons, the Court **ADOPTS** the Report and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss as follows:

1. Defendants' Motion to Dismiss Plaintiff's § 1983 claim for damages for lack of subject-matter jurisdiction is **GRANTED**; however, said Motion is **DENIED** to the extent it seeks dismissal of Plaintiff's claims for injunctive and declaratory relief. (*See* ECF No. 30 at PageID 535–38)

2. Defendants' Motion to Dismiss for failure to state a claim based on Defendants' compliance with 42 U.S.C. § 9858f and 45 C.F.R. § 98.43 is **DENIED**. (*See Id.* at PageID 538–39)

3. Defendants' Motion to Dismiss for failure to state a claim based on the eligibility requirements of 42 U.S.C. § 9858f (c)(1)(D) is **DENIED**. (*See Id.* at PageID 539–40)

4. Defendants' Motion to Dismiss as to Plaintiff's substantive due process claim and equal protection claim is **GRANTED**. (*See Id.* at PageID 540–44; 547-49)

5. Defendants' Motion to Dismiss Plaintiff's procedural due process claim is **DENIED**. (*See Id.* at PageID 544–47)

**IT IS SO ORDERED** this 5th day of September, 2019.

                                                s/ Mark S. Norris
                                                MARK S. NORRIS
                                                UNITED STATES DISTRICT COURT