IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LENA MUHAMMAD,

    Plaintiff,

v.                                                                               No.   2:18-cv-02857-MSN-tmp

ALEX M. AZAR, II,
DANIELLE W. BARNES, and
BASEM GIRGIS,

    Defendants.

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND ORDER
DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND SUPPLEMENT**

Before the Court is Magistrate Judge Tu M. Pham's Report and Recommendation ("Report") submitted on September 26, 2019. (ECF No. 32.) Also pending is Plaintiff's Motion to Amended Complaint Pursuant to Rule 15(a)(2) and to File a Supplemental Pleading Pursuant to Rule 15(d) ("Motion to Amend and Supplement") filed on October 16, 2019. (ECF No. 36.) The Report recommends that the Court grant Defendant Alex M. Azar, II's ("Defendant") Motion to Dismiss, (ECF No. 22). For the reasons set for the below, the Report is **ADOPTED IN PART** and Plaintiff's Motion to Amend and Supplement is **DENIED**.

### I.  FACTUAL HISTORY

For the purposes of this review, the Magistrate Judge accurately summarized the facts of this case. In pertinent part, this case concerns the Tennessee Department of Human Service's ("TDHS") implementation of the Child Care and Development Block Grant Act's ("CCDBGA") comprehensive background check requirements, which resulted in the revocation of Plaintiff's

license and ability to operate or work in the child care facility she owns. Plaintiff filed an Objection to the Magistrate Judge's Report; however, none of the claims or objections therein appear to relate specifically to the Magistrate Judge's proposed factual findings. Therefore, the Court adopts the factual findings of the Report.

## II. **PROCEDURAL HISTORY**

Plaintiff filed the instant lawsuit on December 17, 2018, alleging several causes of action (substantive due process claim, procedural due process claim, equal protection claim, and void-for-vagueness claim) against the above-captioned defendants in their official capacities. (ECF No. 1.) On March 30, 2019, Defendant moved to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 22.) Plaintiff responded to Defendant's Motion to Dismiss on May 6, 2019. (ECF No. 29.) On September 29, 2019, the Magistrate Judge issued the instant Report recommending that the Court grant Defendant's Motion to Dismiss. (ECF No. 32.) Specifically, the Report concludes that Plaintiff lacks standing under Article III of the United States Constitution because Plaintiff failed to allege that her daycare serves children who receive federal block grant funds. (ECF No. 32 at PageID 564–66.) The Report also concludes that Plaintiff's complaint fails to state a claim for violations of substantive due process, procedural due process, and equal protection. (*Id.* at PageID 566–70, 573–76.) The Report further concludes that Plaintiff's complaint fails to state a claim for violation of the void for vagueness doctrine. (*Id.* at PageID 570–73.)

On October 11, 2019, the Court entered an order extending Plaintiff's deadline to object to the Report to October 17, 2019. (ECF No. 35.) On October 16, 2019, Plaintiff filed the instant Motion to Amend and Supplement in an attempt to correct deficiencies in her original complaint.

2

(ECF No. 36.) Specifically, Plaintiff's proposed amended complaint adds a sentence to the original complaint which resolves the Article III standing deficiency identified in the Report. (*Id.* at PageID 597.) Plaintiff also seeks to supplement her complaint with an opinion issued by TDHS from Plaintiff's underlying administrative appeal in order to support her standing argument. (*Id.* at PageID 591.) On October 17, 2019, Plaintiff filed an Objection to the Report. (ECF No. 37.) On October 24, 2019, Defendant filed a response in opposition to Plaintiff's Motion to Amend and Supplement. (ECF No. 39.)

### III. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is

3

to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## IV.  DISCUSSION

### A. Report and Recommendation

The Report recommends that this Court grant Defendant's Motion to Dismiss. Specifically, the Magistrate Judge's conclusions of law are as follows:

1. Plaintiff's Claims Against Defendant Should be Dismissed for Lack of Standing

The Magistrate Judge concluded that Plaintiff lacks standing under Article III of the United States Constitution because Plaintiff failed to allege that her daycare serves children who receive federal block grant funds. (ECF No. 32 at PageID 564–66.) "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)).

4

To satisfy the second requirement, "the injury has to be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations, citations, and alterations omitted). In *Lujan*, the Supreme Court cautioned that standing, albeit not precluded, is generally more difficult to establish when the plaintiff's injury is indirect, as is the case here:

> When the suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred . . . in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue. If he is, there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it. When, however, . . . a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else, much more is needed. In that circumstance, causation and redressability [of the injury] ordinarily hinge on the response of the regulated (or regulable) third party to the government action or inaction-- and perhaps on the response of others as well. The existence of one or more of the essential elements of standing "depends on the unfettered choices made by independent actors not before the court and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict," and it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury.

*Lujan*, 504 U.S. at 562.

After reviewing the record, the Magistrate Judge found that Plaintiff did not set forth facts sufficient to show her injury was traceable to Defendant:

> [Plaintiff] claims that her injury is fairly traceable to the Secretary because the federal disqualification requirements bar her from having access to her daycare and Secretary Azar is the head of the federal agency in charge of implementing the disqualification requirements. The federal disqualification requirements apply only to child care providers that care for children receiving federal block grant funds. 42 U.S.C. § 9858f(c)(1)(D)(vii) . . . *If [Plaintiff] was deprived of access to her daycare by TDHS, but was not covered by the federal disqualification requirements, then her injury is traceable only to the TDHS defendants and not to the Secretary. See Lujan*, 504 U.S. at 560. As such, to sue the Secretary, [Plaintiff] needs to allege that her daycare serves children who receive federal block grant funds. She has not done so, and the court cannot assume that this is true by implication.

(ECF No. 32 at PageID 565–66) (emphasis added).

Plaintiff objects to the Report's recommendation on the issue of standing for two reasons: (1) Plaintiff argues that the Magistrate Judge's reasoning is illogical; and (2) Plaintiff argues that the Report demands a level of specificity from Plaintiff which exceeds the requirements of Fed. R. Civ. P. 8.  (*See* ECF No. 38 at PageID 626.)

At the outset, "the test for standing is not whether Plaintiff meets *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) pleading requirements, but rather whether Plaintiff has demonstrated her injuries to be fairly traceable to Defendant's actions."  *See Parsons v. United States DOJ*, 801 F.3d 701, 715 (6th. Cir. 2015).  Stated differently, "causation to support standing is not synonymous with causation sufficient to support a claim."  *Id.*  Whether the alleged causal nexus between Plaintiff's injury and Defendant's action has been pled with particularity is not the focus of this Court's review.  At this stage, Plaintiff need only allege facts adducing that her injuries are fairly traceable to the background check provisions promulgated under the CCDBGA.

In determining whether Plaintiff has standing to assert claims against Defendant, the Court finds the Sixth Circuit's analysis in *Parsons v. United States DOJ* to be instructive. In *Parsons* the plaintiffs, members of a musical group (the Insane Clown Posse) who called themselves "Juggalos," were designated as a "hybrid gang" by the National Gang Intelligence Center ("NGIC")—an informational center operated by the Federal Bureau of Investigation.  801 F.3d at 705.  The plaintiffs sued the FBI and Department of Justice asserting, *inter alia*, claims for violations of their First and Fifth Amendment rights.  *Id.* at 709.  In particular, the plaintiffs alleged that the gang designation caused them to be stopped, searched, and detained in violation

of their First and Fifth Amendment rights, by state and local law enforcement officers who were motivated by the NGIC's designation of the Juggalos as a criminal gang. *Id.* at 706. The Sixth Circuit reversed the lower court's dismissal of the plaintiffs' claims against the FBI and DOJ for lack of standing, finding that "[t]he [plaintiffs] sufficiently linked the 2011 NGTA Report to their injuries by stating that the law enforcement officials themselves acknowledged that the DOJ gang designation had caused them to take the actions in question." 801 F.3d at 714. The court opined that "[i]n the nebulous land of 'fairly traceable,' where causation means more than speculative but less than but-for, the allegation that a defendant's conduct was a *motivating factor* in the third party's injurious actions satisfies the requisite standard." *Id.* at 714 (emphasis added). Applying this principle to the case at bar, the Court finds Plaintiff has satisfied her burden with respect to standing.

From the record the Court gleans that prior to the implementation of the CCDBGA, the State of Tennessee had laws and a regulatory system in place which permitted TDHS to issue exemption waivers to persons with a criminal record similar to Plaintiff's. (ECF No. 1 at PageID 4–5); *see also* Tenn. Code Ann. § 71-3-507 *et seq.* Then, in a letter dated July 31, 2018, TDHS informed Plaintiff that the State "is making changes to the waiver process to align with CCDBG." (ECF No. 1 at PageID 5, 42.) The CCDBGA's background check requirements preclude individuals with certain felony convictions (including assault) from working in a child care facility that serves children who receive federal block grant funds. 42 U.S.C. § 9858f(c)(1)(D)(vii). After Plaintiff received the letter, TDHS denied Plaintiff an exemption waiver. Considering these allegations through the lens of *Parsons*, the Court finds that Plaintiff has alleged sufficient facts that show TDHS's denial of Plaintiff's exemption waiver was *motivated*, at least in part, by the

7

background check provisions promulgated by the CCDBGA and implemented by Defendant's agency. *Parsons*, 801 F.3d at 714 ("[I]t is still possible to motivate harmful conduct without giving a direct order to engage in said conduct.").

The Court thus **SUSTAINS** Plaintiff's objection to the Report on the issue of standing and denies Defendant's 12(b)(1) Motion to Dismiss.

2. <u>Plaintiff's Complaint Fails to State a Substantive Due Process Claim</u>

The Magistrate Judge reasoned that the Complaint fails to state a substantive due process claim because the government action at issue: (1) does not affect a fundamental interest; (2) does not rise to the level of conscience-shocking necessary to sufficiently allege a substantive due process claim; and (3) is rationally related to a legitimate government interest. (ECF No. 32 at PageID 567–68.)

The Fifth Amendment to the United States Constitution provides that "no person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V, § 1. The substantive component of the Fifth Amendment's Due Process Clause establishes that certain governmental deprivations of "'life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed.'" *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (quoting *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir. 1992)). Substantive due process protects "a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.'" *Id.* (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 249–50 (6th Cir. 2003)). The list of fundamental interests that are considered substantive due process rights is short and includes: "the right to marry, to have children, to direct

8

the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, to terminate one's pregnancy, and possibly the right to refuse unwanted lifesaving medical treatment." *Langston v. Charter Twp. of Redford*, 623 F. App'x 749, 759 (6th Cir. 2015) (citing *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)).

In her Objection to the Report, Plaintiff argues the Magistrate Judge's recommendation on the issue of substantive due process is erroneous because: (1) the Magistrate Judge's "shocking the conscious analysis" is inapt; (2) there are no 12(b)(6) grounds to dismiss Plaintiff's substantive due process claim; and (3) the Report fails to analyze whether 45 C.F.R. 98.43 as applied to Plaintiff serves any legitimate public purpose. (*See* ECF No. 38 at PageID 627–33.)

As the Supreme Court stated in *Wolff v. McDonnell*, "the touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). The Sixth Circuit has long recognized that the limitations of substantive due process apply both to the legislative actions of governments and the executive actions of governments. *See Klimik v. Kent Cty. Sheriff's Dep't*, 91 F. App'x 396, 404 (6th Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). "However, the criteria for determining whether a government action is arbitrary in violation of substantive due process 'differ depending on whether it is legislation or a specific act of a governmental officer that is at issue.'" *Id.* When an action by an executive government official is at issue, the action will be found to violate substantive due process "only when it can properly be characterized as arbitrary, or conscious shocking, in a constitutional sense." *Id.* at 404 (citations omitted). However, when a legislative action is at issue, and the right asserted by the plaintiff is not fundamental, the correct test is whether the law or regulation at issue is "rationally related to legitimate government

9

interests." *See Wash. v. Glucksberg*, 521 U.S. 702, 728 (1997).

Here, it appears the Magistrate Judge decided that executive action is in play because Defendant's Motion to Dismiss construed the complaint "to charge the United States Congress and HHS with having acted arbitrarily and capriciously or in a manner that 'shocks the conscience' in enacting [the CCDBGA] . . . ."[1] However, a specific action by an executive government official is not at issue; rather, Plaintiff's complaint makes an as-applied challenge, asserting that the application of the CCDBGA and its regulations to her amounts to an unconstitutional violation of substantive due process. Plaintiff's claim thus appears to challenge a legislative enactment as opposed to the actions of a government official. As such, Plaintiff's objection to the Magistrate Judge's use of the shocking the conscious standard is **SUSTAINED**.

Next, Plaintiff objects that there are no 12(b)(6) grounds to dismiss Plaintiff's substantive due process claim because paragraphs 31 and 32 of the complaint adequately "plead factual content that allows the court to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged" (quoting *Ashcroft*, 556 U.S. at. 678). Plaintiff further objects that the Report fails to analyze whether 45 C.F.R. 98.43, as applied to Plaintiff, serves any legitimate public purpose. Particularly, the Report ignored Plaintiff's unique circumstances.

In an as-applied challenge, a court must determine the constitutionality of the challenged laws as applied to the parties before the court. *See generally City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 758–59 (1988). In raising a substantive due process claim, "it is

---

1 Plaintiff does use "shock the conscience" in her Complaint. (*See* ECF No. 1 at PageID 12) ("The omission of any provision for a waiver or any consideration of individual circumstances yields a result fundamentally unfair and which displays such a clear abuse of governmental power as to **shock the conscience**.") (emphasis added). Nonetheless, the Court still construes Plaintiff's claim as an attack on a legislative enactment rather than executive action.

incumbent upon Plaintiffs . . . to state a plausible claim that they have been deprived of a protected liberty or property interest, and that no rational basis exist for the regulations in question." *Bokhari v. Metro. Gov't of Nashville & Davidson County*, No. 3:11-00088, 2012 U.S. Dist. LEXIS 6054, at *11 (M.D. Tenn. Jan. 19, 2012). In other words, the impetus is on the challenger "to show that there is no rational connection between the [State's] action and its conceded interest." *Harrah Indep. Sch. Dist. v. Martin*, 440 U.S. 194, 198 (1979).

Turning to Plaintiff's claim, the question becomes whether the asserted interest behind the regulation is rationally related to the background check requirement as applied to her. If the goal is to protect children in day care settings, barring individuals with violent offenses from working with or near children undoubtedly accomplishes that goal. Particularly, it accomplishes that goal even as applied to Plaintiff. At its core, it seems Plaintiff's objection lies not with the purpose of the regulation but with the method Congress choose to further this purpose—the background check requirement with its attendant prohibition on individuals with violent offenses. While Congress could have chosen a more precise method instead of this blunderbuss approach, that is not for the Court to question. Plaintiff must still plead a plausible claim that the regulation is irrational as applied to her. She has not.

Though the Magistrate Judge's use of the shock the conscious standard was inapt, the Court nonetheless concludes that his recommendation to dismiss Plaintiff's substantive due process claim is correct. The Magistrate Judge correctly opined that Plaintiff's substantive due process claim fails because the background check requirements promulgated under the CCDBGA are rationally related to a legitimate government interest in protecting children from violent criminal offenders even as applied to Plaintiff.

11

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and dismisses Plaintiff's substantive due process claim.

3. <u>Plaintiff's Complaint Fails to State a Void-For-Vagueness Claim</u>

Next, the Magistrate Judge reasoned that the complaint fails to state a constitutional void-for-vagueness claim because the statute at issue provides fair notice to stakeholders that the crime of assault is included in the statute's disqualification requirements. (ECF No. 32 at PageID 572); *see* 42 U.S.C. §9858f(c)(1)(D). The Magistrate Judge also reasoned that Plaintiff's void-for-vagueness claim is without merit because the statute at issue *limits* the discretion of enforcement officials instead of enhancing it. (*Id.* at PageID 570–73) (citing *Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 551 (6th Cir. 2007)).

In her Objection to the Report, Plaintiff does not address the Magistrate Judge's recommendation to dismiss her void-for-vagueness claim. Although this Court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made, *see Thomas*, 474 U.S. at 150, the Court has reviewed the Magistrate Judge's recommendation to dismiss Plaintiff's void-for-vagueness claim for clear error and finds none. The Court thus **ADOPTS** the Magistrate Judge's recommendation as to this issue.

4. <u>Plaintiff's Complaint Fails to State a Procedural Due Process Claim</u>

The Magistrate Judge reasoned that Plaintiff's procedural due process claims against Defendant should be dismissed because it was the TDHS, not Defendant, who prohibited Plaintiff from working in or owning a child care facility:

> To state a claim against [Secretary Azar] for procedural due process violations, [Plaintiff] would have to allege some action or inaction by the Secretary or the agency he heads that led to the deprivation of a protected property interest. Against the Secretary, [Plaintiff] alleges only that the federal statute and its

12

> implementing regulations "have no provision for any predeprivation notice or hearing of any kind." (ECF No. 1.) . . . [While it is true that] the statute and its implementing regulations require disqualified persons to have notice and an opportunity to appeal, they do not require those processes to take place *before* a disqualified person is denied access to a covered childcare facility. *See* 42 U.S.C. § 9858f(e)(3) [(emphasis added)]. . . . [T]he statute and its implementing regulations also do not require denial of access before a hearing. *Id. As explained in the preamble to the final rule implementing the federal disqualification provisions, "[s]tates have the option of allowing child care providers to employ staff members or prospective staff members while they are involved in the appeals process."* 81 Fed. Reg. 67438, 67503 [(emphasis added)]. *Using this discretion, TDHS elected not to allow [Plaintiff] to access her daycare during the pendency of her appeal of disqualification. If this violated the Constitution, [Plaintiff's] remedy lies against TDHS officals* [sic]*, not the Secretary.*

(ECF No. 32 at PageID 573–74) (emphasis added).

"'Procedural due process' at its core requires notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Garcia v. Federal National Mortgage Association*, 782 F.3d 736, 740–41 (6th Cir. 2015) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, (1965) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Gilbert v. Homar*, 520 U.S. 924, 930–32 (1997)). In reviewing an alleged violation of procedural due process, a court must first determine whether the party has identified a protected liberty or property interest, and then consider whether the deprivation of that interest contravened notions of due process. *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002); *see Kerry v. Din*, 135 S. Ct. 2128 (2015).

Plaintiff objects to the Report's recommendation on the issue of procedural due process arguing that "nothing about the manner of enforcing a person's exclusion under the Background Check statute is left to the States." (ECF No. 38 at PageID 634.)

The plain text of the statute belies Plaintiff's objection. Having reviewed 42 U.S.C. § 9858f *et seq.*, the Court finds that the statute clearly delegates to states the power to determine which daycare providers are allowed to continue working at child care facilities while they are

13

appealing a disqualification and whether to have a hearing prior to or after disqualification. In any event, providing federally-funded child care is not an interest encompassed by the Fifth and Fourteenth Amendment's protection for liberty and property. Plaintiff is therefore not entitled to procedural due process protections. The Court finds no error with the Magistrate Judge's reasoning for dismissing Plaintiff's procedural due process claim. Plaintiff's objection as to this issue is **OVERRULED**.

     5.   Plaintiff's Complaint Fails to State an Equal Protection Claim

Finally, the Magistrate Judge reasoned that the Complaint fails to state an equal protection claim because, under rational basis review, "there is a rational relationship and legitimate government interest in limiting access to children by workers who have been convicted of a violent felony." (ECF No. 32 at PageID 576.)

Plaintiff objects to the Report's recommendation on the issue of equal protection arguing: "The severity of [Plaintiff] being permanently deprived of her livelihood because of a single crime committed 21 years ago, which did not involve children, finds no parallel in any other federal regulation which addresses keeping children safe from adults who might harm them." (ECF No. 38 at PageID 636.) Plaintiff also argues that the use of background checks against Plaintiff is unfair in light of how background checks are utilized pursuant to other federal regulations designed to protect children. (*See* ECF No. 38 at PageID 363–38.)

Although the Court empathizes with Plaintiff's frustrations, the Court finds Plaintiff's objections amount to policy arguments instead of specific legal challenges to the Magistrate Judges' reasoning. Because Plaintiff does not raise a specific legal objection to the Magistrate Judge's equal protection analysis, the Court need only review the Report for clear error. The

14

Court has reviewed the Report for clear error and finds none. Furthermore, the Court agrees that "there is a rational relationship and legitimate government interest in limiting access to children by workers who have been convicted of a violent felony." (ECF No. 32 at PageID 576.) Therefore, Plaintiffs' objection is **OVERRULED** and the Court **ADOPTS** the Report's recommendation as to this issue.

### B. Motion to Amended and Supplement

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "[T]he right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15 Advisory Committee Notes, 2009 Amendment. After the time to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Generally, Rule 15 advises that "leave shall be freely given when justice so requires." *Id*. Absent undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the party opposing the amendment, or futility of amendment, the Court should grant leave to amend. *Foman v. Davis*, 371 U.S. 178 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citations omitted).

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, the Court may permit a party to submit a supplemental pleading to set out any "transaction, occurrence, or event that

happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Furthermore, the Court can allow supplementation even when the original pleading to be supplemented is defective in stating a claim. *Id.* The standard for granting leave to supplement a pleading under Rule 15(d) is identical to the standard for leave to amend under Rule 15(a). *See Spies v. Voinovich*, 48 Fed. Appx. 520, 527 (6th Cir. 2002) (internal citation omitted). Accordingly, a Rule 15(d) motion to supplement should be denied if the proposed amendment would be futile.

Here, Plaintiff seeks to amend her complaint to specifically allege that "Plaintiff was at all relevant times a child care provider serving children who receive assistance through the federal Child Care and Development Block Grant program," thereby resolving the Article III standing deficiency in her original complaint cited in the Report. (ECF No. 36 at PageID 597.) Plaintiff also seeks to supplement her complaint with a copy of the initial order from *Lena Muhammad v. Tennessee Department of Human Services*, Dkt. No. CC 180900081, an administrative appeal propounding the same facts and legal arguments as the instant law suit. (ECF No. 36 at PageID 591.) Plaintiff asserts this order bolsters her standing argument and was not available at the time she filed her original Complaint. (*Id.*)

As noted in Section IV(A) *supra*, Plaintiff's lack of standing was not the only basis for the Report's recommendation that Defendant's Motion to Dismiss be granted. The Magistrate Judge also concluded, and this Court agrees, that Plaintiff's substantive due process claim, void-for-vagueness claim, equal protection claim, and procedural due process claim should be dismissed on Rule 12(b)(6) grounds, thereby exhausting Plaintiff's complaint. And because Plaintiff's proposed amended complaint reasserts, *verbatim*, the same substantive due process, void-for-vagueness, equal protection, and procedural due process claims raised in the original Complaint,

16

the Court need not conduct a brand new 12(b)(6) analysis. Thus, for the same reasons identified in Section IV(A) *supra*, Plaintiff's proposed amended complaint fails to state a claim upon which relief may be granted and is therefore futile. Plaintiff's request to supplement is likewise futile in light of the Court's ruling in Section IV(A) *supra*.

Plaintiff's Motion to Amend and Supplement is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Court **REJECTS** the Magistrate Judge's Report and Recommendation (ECF No. 32) as to the issue of standing, but **ADOPTS** the Magistrate Judge's Report and Recommendation as to Plaintiff's substantive due process, void-for-vagueness, equal protection, and procedural due process claims. Therefore, Defendant Alex M. Azar, II's Motion to Dismiss (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART**. Additionally, Plaintiff's Motion to Amend and Supplement (ECF No. 36) is **DENIED.**

**IT IS SO ORDERED** this 18th day of September 2020.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE